UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES OLDHAM,

    Plaintiff,

    v.

BRIAN ENGLISH, et al.,

    Defendants.

CAUSE NO.: 3:25-CV-14-TLS-JEM

**OPINION AND ORDER**

    James Oldham, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF No. 6. As required by 28 U.S.C. § 1915A, the Court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Oldham is proceeding without counsel, and therefore the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Oldham is an inmate at Miami Correctional Facility ("MCF"). He claims that on the night of October 24, 2024, Warden Brian English made a decision to shut off the power in his unit for reasons Oldham does not explain. While the lights were out, several other inmates plugged their toilets and flooded their cells. Some of the water came into his cell. There were three correctional officers working that night in the area of his cell, whom he identifies as "John Doe Officers." He

claims he asked each one of them to clean up the water in his cell. The first one told him he "didn't care if [Oldham] laid in it." ECF No. 6 at 2. The second stated that he was not paid to clean up toilet water, and the third one agreed. Oldham claims the cell floor has a smooth surface that becomes very slippery when wet. He claims Warden English was aware of this and was also aware that inmates had flooded the unit but did nothing to have the water cleaned up that night.

Around 3 a.m., Oldham got up to go to the bathroom and could not see because the power was still out. He slipped and fell in the water, hitting his head on a table and injuring his shoulder. He asked the three John Doe officers for medical assistance but they told him to "hit [his] emergency call button," despite knowing that he had no emergency call button in his cell. He was not evaluated by medical staff until a few days after the fall and allegedly had blurry vision and shoulder pain for months. Based on these events, he sues Warden English and the three John Doe Officers for money damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). On the second prong, the plaintiff must allege that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even

recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (citation omitted).

In general, a fall caused by exposure to wet floors does not amount to an Eighth Amendment violation. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("[S]lippery surfaces . . . without more, cannot constitute a hazardous condition of confinement."); *Perkins v. Atrisco*, No. 3:22-CV-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("[F]ederal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). Here, however, there were extenuating circumstances. Oldham claims Warden English intentionally shut the power off in his unit, which made it impossible for him to see inside his cell. He further claims the Warden was aware that inmates had flooded the unit and that the floors became extremely slippery when wet. Yet the Warden allegedly allowed the water to remain there all night. Giving Oldham the inferences to which he is entitled, he has plausibly alleged that he was subjected to an excessive risk to his safety and that the Warden turned a blind eye to that risk.

He likewise alleges that all three John Doe Officers were aware his cell was flooded with toilet water and that there was no lighting because the power had been turned off. He asked them for help, but he claims they made flippant comments suggesting they did not care if he injured himself. He has alleged enough to proceed further against these defendants under the Eighth Amendment. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding, where inmate complained about severe deprivations but was ignored, that he established a "prototypical case of deliberate indifference").

It appears Oldham is also asserting a claim for the denial of medical care. To state a claim for the denial of medical care under the Eighth Amendment, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

Oldham states that he suffered head and shoulder injuries in the fall, which caused him pain and blurry vision for several months. The Court will presume at this stage that he had a serious medical need. He further claims that he alerted the John Doe Officers that he needed medical assistance but they took no steps to help him. Instead, they allegedly told him to press the emergency call button in his cell, when they knew he had no emergency call button. He was not seen by medical providers until days after the fall. Giving him the inferences to which he is entitled, he alleges a plausible claim for denial of medical care claim against the three officers.

As outlined above, Oldham is being permitted to proceed against three John Doe defendants. It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter unnamed defendants cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). The John Doe Officers must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil

Procedure 4(m). *Id.* The Court has an obligation to assist Oldham in trying to identify and serve these defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Therefore, the Court will order the Warden to provide the names of these individuals, to the extent he is able, based on the information Oldham has provided.

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Warden Brian English, John Doe Officer #1, John Doe Officer #2, and John Doe Officer #3 in their personal capacity for money damages for deliberate indifference to an excessive risk to the Plaintiff's safety by housing him in a cell with no lights that was flooded with toilet water on or about October 24, 2024, in violation of the Eighth Amendment;

(2) GRANTS the Plaintiff leave to proceed against John Doe Officer #1, John Doe Officer #2, and John Doe Officer #3 in their personal capacity for money damages for deliberate indifference to his need for medical care after he slipped and injured himself in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Brian English at the Indiana Department of Correction and to send him a copy of this order and the amended complaint [ECF No. 6] pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS the Warden to provide on or before **June 3, 2025**, the names of the three male correctional officers who were working in the Restrictive Housing Unit near the area of cell 407 during the evening hours of October 24, 2024, or to file a notice by the above date explaining why the names of these individuals cannot be provided; and

(7) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 3, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT