**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JAMES OLDHAM,

      Plaintiff,

      v.

BRIAN ENGLISH, CROYDON SHAW,
RANDALL SPEIKES, BRYCE LUSE, and
AUSTIN GILLIS,

      Defendants.

CAUSE NO. 3:25-CV-14-TLS-JEM

**OPINION AND ORDER**

James Oldham, a prisoner without a lawyer, is proceeding in this case against Warden Brian English and Correctional Officers Croydon Shaw, Randall Speikes, Bryce Luse, and Austin Gillis "in their personal capacity for money damages for deliberate indifference to an excessive risk to the Plaintiff's safety by housing him in a cell with no lights that was flooded with toilet water on or about October 24, 2024, in violation of the Eighth Amendment." ECF 11 at 5. The defendants filed a motion for summary judgment, arguing Oldham did not exhaust his available administrative remedies before filing this lawsuit. ECF 35. Oldham filed a response, and the defendants filed a reply. ECF 46, 47. The motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the

light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted). The law takes "a strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The parties provide evidence showing the following facts. During all relevant times, an Offender Grievance Process was in place at Miami Correctional Facility which required Oldham to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 35-2 at 3. On October 25, 2024, Oldham submitted Grievance 193517, complaining he injured himself because his cell was filled with water and had no electricity. ECF 35-4 at 1. On October 30, 2024, the grievance office issued a receipt for Grievance 193517 noting that it was "waiting on staff response" and that its response to the grievance was due on November 20, 2024. *Id.* at 3. On

2

November 25, 2024, after Oldham received no further response to Grievance 193517 by the November 20 deadline, he submitted a "Request for Interview" form to the Grievance Specialist informing him he had not received a response to Grievance 193517. ECF 46-1 at 5, 8; *see* ECF 35-2 at 9 (providing that, if an inmate does not receive a timely response to a grievance, he "shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days."). Oldham received no response to this "Request for Interview" form, so he filed this lawsuit on January 28, 2025. ECF 46-1 at 8; ECF 1. On April 8, 2025, nearly three months after Oldham filed this lawsuit, the grievance office issued a response denying Grievance 193517 on its merits. ECF 35-4 at 5. Oldham never appealed that response. ECF 35-1 at 7.

Here, the relevant date for determining whether Oldham exhausted his available administrative remedies is January 28, 2025—the date he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). The undisputed facts show Oldham had exhausted all administrative remedies that were available to him on that date. Specifically, it is undisputed Oldham submitted Grievance 193517 on October 25, 2024, did not receive any response by the November 20 deadline, and submitted a "Request for Interview" form to the Grievance Specialist on November 25 regarding the lack of response to Grievance 193517. At that point, the Grievance Specialist was required to "investigate the matter and respond to the offender's notification within ten (10) business days." *See* ECF 35-2 at 9. The Grievance Specialist did not do so, which left Oldham without any further remedy to exhaust. Therefore, the undisputed facts show Oldham had exhausted all his available administrative

3

remedies at the time he filed this lawsuit. Anything that occurred after he filed this lawsuit is not relevant to the exhaustion analysis. *See Mayberry*, 2024 WL 4274856, at *3; *Gaulden v. Marthakis*, No. 3:25-CV-667, 2026 WL 1020494, at *2–3 (N.D. Ind. Apr. 14, 2026) (holding that the grievance office's conduct after the inmate filed his lawsuit is not relevant to the exhaustion analysis). Accordingly, the defendants have not met their burden to show Oldham had administrative remedies available to him which he did not exhaust before he filed this lawsuit. Their motion for summary judgment must be denied.

For these reasons, the court hereby DENIES the defendants' motion for summary judgment (ECF 35).

SO ORDERED on June 11, 2026.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4